MARINO, Plaintiff-Appellee, v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, By and Through its Agent, William L. Kurzenberger, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 4062. Decided October 15, 1959.

Modarelli & Modarelli, M. A. Del Bene, Youngstown, for plaintiff-appellee.

Morgan, Powers & McGuffin, Youngstown, for defendant-appellant.

## OPINION

Per CURIAM.

This is an appeal on questions of law from a judgment of the court of common pleas of Mahoning County for $7,000.00 rendered for the plaintiff against the defendant insurance company. The action is on a policy of insurance issued to the plaintiff on a two family dwelling owned by the plaintiff.

A fire on September 21, 1957, resulted in the total destruction of the building, which was insured by the defendant company in the amount of $7,000.00.

The property was insured as a private structure use building exclusively, but the evidence disclosed that during coverage a tenant thereof was charged with, pleaded guilty to, and was fined for keeping intoxicating liquor upon the premises.

Defendant defended plaintiff's action first on the ground that the named insured was Charles Marino, Jr., but that the owner was Charles D. Marino; and second, that because the insured property had been used for mercantile uses, the building was not covered by the policy issued by defendant, and created an additional risk not contemplated by the parties.

Defendant assigned fifteen grounds of error upon which it relies to secure a reversal of the judgment of the trial court.

There is evidence that the real estate involved was owned at various times between January 27, 1950, and July 6, 1957, by Dominic T. and Grace

Irene Marino, who on that date transferred it to Marino Realty Company of Youngstown, which in turn on March 24, 1953, retransferred the property to them. On August 11, 1953, Dominic T. Marino, then divorced, deeded the property to Charles Marino, Jr. On March 16, 1955, Grace Marino Cozett, former wife of Dominic T. Marino, and her husband, quit claimed their interest in the property to Charles Marino, Jr. On March 15, 1955, Charles Marino, Jr., deeded the involved property, with other property, to Dominic T. Marino. On July 1, 1957, Dominic T. Marino with Charles Marino, Jr., transferred the property to Charles Marino, son of Dominic T. Marino and nephew of Charles Marino, Jr.

The premises were padlocked on August 12, 1957, for illegal possession of liquor, after which plaintiff served a three day notice of eviction on his tenant, whose rent was paid some two years in advance. The reason assigned for the eviction notice was "general nuisance and undesirable characters hanging around said home and intoxicating liquor being sold in house." The trial judge referred to the house as "that monstrosity of a place."

Defendant contends that the fact that plaintiff gave notice to his tenant that the risk was no longer residential but commercial constituted intentional fraud which absolved defendant from its liability under its policy to plaintiff under the "Valued Policy" law, §3929.25 R. C., and as a matter of law plaintiff should be barred from recovery.

As stated, for no explained reason there was much change of title to the involved property over a relatively short period of time, confusion of endorsements on the policy, and identity of the insured, and consent of the defendant to such endorsement, all of which defendant contends bars plaintiff as a party to the contract in question by reason of all of which he should not recover in the action we review.

The contract of insurance provides:—

"This company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured."

On February 24, 1956, the policy was amended by endorsement in the following respects:—

"Name of insured amended to read 'Charles D. Marino.'"

The evidence is conflicting as to whether a subsequent endorsement which effected the change from Marino Realty Company to Charles D. Marino was issued and ever came into operative effect. A jury question was thus presented, with whose finding in favor of plaintiff, as evidenced by a signed interrogatory with reference thereto, we cannot and will not interfere.

There is no evidence as to the origin of the fire. The nuisance officially found to exist had been abated at the time of the fire, and the offending tenant was incarcerated at the time of the fire.

In 30 O. Jur. (2nd), Section 530, Page 474, it is said:—

"* * * Nearly all policies insuring property contain provisions against increase of, or changes of conditions which affect, the risk or hazard assumed by the insurer. An 'increase of risk' means an essential increase.

"Lack of causal connection between the increased hazard and the

subsequently occurring loss prevents the application of the increase of risk clause, on the ground that the purpose of such provision is to defeat recovery only because of increased hazard.  In accord with this rule it has been held that in the absence of a stipulation to the contrary, a temporary change which ceases before loss does not avoid liability. * * *."

Whether any change in the use of the property increased the risk presented a question for the determination of the jury, with which this court cannot legally interfere.

The jury answered "no" to defendant's interrogatory number two, which reads as follows:—

"Do you find that intoxicating liquor was sold on the premises at 2075-2077 Federal Street, Youngstown, Ohio, at any time between February 24, 1956, and September 21, 1957?" ·

There is no evidence of intentional fraud on the insured's part, and we find no merit in defendant's other assigned errors.

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, PHILLIPS and DONAHUE, JJ, concur.